UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALENTINO TORRES,

        Petitioner,

v.                                           CASE NO. 09-14482
                                                  HONORABLE NANCY G. EDMUNDS

GERALD HOFBAUER,

        Respondent.

_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING,
GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS CORPUS PETITION, AND
DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Valentino Torres has filed a *pro se* habeas corpus petition challenging his Saginaw County convictions and sentence. Also pending before the Court are respondent Gerald Hofbauer's motion to dismiss the petition on the basis of the one-year statute of limitations and Petitioner's motion for equitable tolling of the limitations period. The Court agrees with Respondent that the habeas petition was not filed timely and that Petitioner has not demonstrated a valid basis for equitable tolling of the statute of limitations. Accordingly, Respondent's motion will be granted, Petitioner's motion will be denied, and the habeas petition will be dismissed as time-barred.

**I. Background**

On August 21, 2002, Petitioner pleaded no contest in case number 01-020153 to: (1) operating a motor vehicle while intoxicated, third offense, Mich. Comp. Laws § 257.625;

(2) operating a vehicle under the influence, causing serious injury, Mich. Comp. Laws § 257.625; (3) operating a vehicle with a suspended driver's license, Mich. Comp. Laws § 257.904; (4) operating a motor vehicle while intoxicated with an occupant under the age of sixteen, Mich. Comp. Laws § 257.625; and (5) failure to stop at the scene of a serious accident, Mich. Comp. Laws § 257.617. On November 12, 2002, Petitioner pleaded no contest in case number 02-022320 to witness intimidation, Mich. Comp. Laws § 750.122. On January 15, 2003, a Saginaw County circuit judge sentenced Petitioner to two years of probation in case number 01-020153 with one year in jail and to a concurrent term of five years of probation in case number 02-022320 with one year in jail.

In 2005, Petitioner was charged with violating the conditions of probation by not reporting to his probation officer. He pleaded guilty to the charge on June 1, 2006, and on July 13, 2006, the trial court rescinded Petitioner's probationary sentences. The trial court then re-sentenced Petitioner to imprisonment for twenty-nine months (two years, five months) to five years in case number 01-020153 and to a prison term of fifty-seven months (four years, nine months) to thirty years in case number 02-022320. At the request of the Michigan Department of Corrections, the trial court clarified the sentence at a hearing held on September 28, 2006.

Petitioner asked the trial court to appoint counsel to represent him on appeal, but on July 21, 2006, the trial court denied Petitioner's first request, and on October 27, 2006, the trial court denied Petitioner's second request. The court maintained that Petitioner waived his right to court-appointed appellate counsel when he pleaded no contest. Petitioner apparently made a third request for appointment of appellate counsel, which the trial court denied on August 2, 2007.

Meanwhile, on July 13, 2007, the one-year deadline expired for filing a direct appeal from Petitioner's sentence of imprisonment.  *See* Mich. Ct. R. 7.205(F)(3) (explaining that an application for leave to appeal may not be granted if the application was filed more than twelve months after the entry of the order or judgment being appealed).  On January 15, 2008, Petitioner filed a *pro per* delayed application for leave to appeal, claiming that he had been denied his right to appointment of appellate counsel.  On March 5, 2008, the Court of Appeals dismissed Petitioner's application for lack of jurisdiction because the appeal was not filed within twelve months of the trial court's orders dated July 21, 2006, and October 27, 2006, which denied appointment of appellate counsel.  *See People v. Torres*, No. 283111 (Mich. Ct. App. Mar. 5, 2008).  Petitioner did not appeal that decision to the Michigan Supreme Court.

On April 14, 2008, Petitioner filed a motion for relief from judgment in both of his Saginaw County cases.  He requested appointment of counsel to review his files for errors. On June 6, 2008, the trial court denied the motions.  Petitioner appealed the trial court's decision, but on November 14, 2008, the Michigan Court of Appeals once again denied leave to appeal for lack of jurisdiction because the appeal was not filed within twelve months of the trial court's orders denying appointment of counsel on July 21, 2006, and October 27, 2006.  *See People v. Torres*, No. 287855 (Mich. Ct. App. Nov. 14, 2008).  On June 23, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue.  *See People v. Torres*, 766 N.W.2d 821 (Mich. 2009).

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 on November 17, 2009.  His only claim is that the trial court violated his constitutional rights to due process and equal protection of the law when the court failed to appoint counsel to

assist him with an application for leave to appeal in the Michigan Court of Appeals. Petitioner contends that he was entitled to appointment of counsel for his first-tier appeal pursuant to *Halbert v. Michigan*, 545 U.S. 605, 610 (2005). The Supreme Court held in *Halbert* that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals."

## II. Discussion

### A. The Statute of Limitations

Respondent argues in his motion to dismiss the habeas petition that Petitioner's claim is barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The period of limitations runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

4

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## B.  Application

The applicable subsection for determining when the statute of limitations began to run in this case is 28 U.S.C. § 2244(d)(1)(A), because Petitioner is not relying on a new and retroactive constitutional right (28 U.S.C. § 2244(d)(1)(C))[1] or on newly discovered facts (28 U.S.C. § 2244(d)(1)(D)). To the extent that Petitioner is claiming that the State created an impediment to filing a timely application, *see* 28 U.S.C. § 2244(d)(1)(B), by depriving him of the right to appointment of appellate counsel under *Halbert,* his argument lacks merit. Although the trial court's failure to appoint appellate counsel may have interfered with Petitioner's ability to filed an appeal in the Michigan Court of Appeals,  Petitioner has no right to counsel on habeas review, and he has not shown how the alleged constitutional error prevented him from filing a timely federal habeas corpus petition.  Therefore, his *Halbert* argument is not a basis for excusing the one-year bar. *Inglesias v. Davis*, No. 07-1166, 2009 WL 87574, at *1 (6th Cir. Jan. 12, 2009) (unpublished), *cert. denied*, __ U.S. __, 129 S. Ct. 2737 (2009).  The Court will proceed to consider when Petitioner's judgment of sentence became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

"'[T]he one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final.'" *Bachman v. Bagley*,

---

[1] *Halbert* was decided on June 23, 2005, almost a year before Petitioner pleaded guilty and was sentenced for violating the conditions of probation.

5

487 F.3d 979, 982 (6th Cir. 2007) (quoting *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006)). Petitioner was resentenced on July 13, 2006. His sentence became final for purposes of § 2244(d)(1)(A) on July 13, 2007, when the one-year deadline expired for filing an application for leave to appeal in the Michigan Court of Appeals. *See Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86 (2009) (explaining that a conviction becomes final under § 2244(d)(1)(A) when the availability of a direct appeal to the state courts and to the United States Supreme Court has been exhausted); *see also Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000) (noting that the petitioner's conviction became final when his ability to file a direct appeal expired); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (stating that the statute of limitations began to run, in a case where the petitioner did not seek leave to appeal in the Michigan Supreme Court, when the deadline expired for seeking review in the Michigan Supreme Court).

The statute of limitations began to run on the day after Petitioner's sentence became final (July 14, 2007), and it continued to run until April 14, 2008, when Petitioner filed his motions for relief from judgment in the trial court.[2] The limitation period was then tolled pursuant to 28 U.S.C. § 2244(d)(2) until June 6, 2008, when the trial court denied Petitioner's motions for relief from judgment. Although Petitioner appealed the trial court's decision on his motions, the Michigan Court of Appeals denied leave to appeal on the ground that the application was not timely. Because the application was untimely, it was

---

[2] Petitioner's requests for appointment of counsel did not toll the statute of limitations. *Voravongsa v. Wall*, 349 F.3d 1, 7 (1st Cir. 2003). Even if the requests and related appeal tolled the limitation period, the habeas petition is untimely because the statute ran more than a year after the trial court denied Petitioner's motions for relief from judgment.

6

not "properly" filed for purposes of 28 U.S.C. § 2244(d)(2) and did not toll the limitation period. *Allen v. Siebert*, 552 U.S. 3, 7 (2007); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Thus, the statute was not tolled between the trial court's denial of Petitioner's motions for relief from judgment on June 6, 2008, and the state appellate court's denial of leave to appeal on November 14, 2008, because the application for leave to appeal was untimely. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006) (explaining that, under *Carey v. Saffold*, 536 U.S. 214 (2002), "only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court").

The limitation period resumed running on June 7, 2008, the day after the trial court denied Petitioner's motions for relief from judgment. Petitioner then waited until November 17, 2009, or over a year, to file his habeas corpus petition. The statute of limitations also ran approximately nine months between July 13, 2007 (the date on which Petitioner's sentence became final) and April 14, 2008 (the day on which Petitioner filed his motions for relief from judgment). Because the statute ran well for over a year, the habeas petition is untimely, absent tolling.

### C. Equitable Tolling

Petitioner concedes that his habeas petition is untimely. He urges the Court to toll the statute of limitations on equitable grounds.

The habeas statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). Equitable tolling generally applies when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v.*

7

*DiGuglielmo*, 544 U.S. 408, 418 (2005).

Courts in this Circuit also consider and balance the following five factors when determining whether equitable tolling should apply:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.
>
> [*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)] (citation omitted). The absence of any prejudice to the opposing party "is a factor to be considered only after a factor that might justify tolling is identified." *Id.* at 401-02 (citation omitted).

*Pinchon v. Myers*, __ F.3d __, __, No. 07-6496, 2010 WL 3024255, at *8 (6th Cir. 2010). "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Petitioner appears to have been diligent in pursuing his rights, but he has not alleged that he lacked notice or constructive knowledge of the filing requirement. He claims that he missed the habeas deadline because he was not versed in the law and lacks a high school diploma. Petitioner's *pro se* status, limited education, lack of legal training, and ignorance of the law are insufficient grounds for equitable tolling. *Johnson v. United States* 544 U.S. 295, 311 (2005); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Petitioner therefore has not alleged an extraordinary circumstance warranting equitable tolling of the statute of limitations.

### III. Conclusion

Petitioner filed his habeas petition more than a year after his sentence of imprisonment became final, and he is not entitled to equitable tolling of the statute of

limitations. Therefore, Respondent's motion to dismiss [Dkt. #10] is **GRANTED** and Petitioner's motion for equitable tolling [Dkt. #2] is **DENIED**. The habeas petition [Dkt. #1] is **DISMISSED** as time-barred.

### IV. Certificate of Appealability and Leave to Appeal *In Forma Pauperis*

The Court has dismissed the petition on a procedural ground without reaching the merits of Petitioner's constitutional claim. In such cases, a certificate of appealability may "issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could conclude that the petition states a valid claim of the denial of a constitutional right to appointment of counsel in the Michigan Court of Appeals, but reasonable jurists would not find the Court's procedural ruling debatable or wrong. Accordingly, the Court **DECLINES** to issue a certificate of appealability. Petitioner nevertheless may apply to the United States Court of Appeals for a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A), and he may proceed *in forma pauperis* on appeal if he chooses to appeal this decision because he was granted *in forma pauperis* in the District Court. Fed. R. App. P. 24(a)(3).

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: August 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 19, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager